UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY R. VENABLE, ET AL. | CIVIL ACTION |
| VERSUS | NO: 08-5198 |
| HILCORP ENERGY CO., INC., ET AL. | SECTION: "A" (2) |

## ORDER AND REASONS

Before the Court are the following motions pertaining to insurance coverage: **Motion for Summary Judgment (Rec. Doc. 91)** filed by Greene's Energy Group, LLC; **Motion for Summary Judgment As To Crossclaim of the HTK Defendants (Rec. Doc. 93)** filed by Nautilus Insurance Co.; **Motion for Summary Judgment As To Crossclaim of Hilcorp Energy Co. (Rec. Doc. 94)** filed by Nautilus Insurance Co.; **Motion for Summary Judgment As To Crossclaim of Greene's Energy Group, LLC Arising Out of the HTK Defendants' Cross Claim (Rec. Doc. 95)** filed by Nautilus Insurance Co.; **Motion for Summary Judgment As To Crossclaim of Greene's Energy Group, LLC Arising Out Hilcorp's Third Party Demand (Rec. Doc. 96)** filed by Nautilus Insurance Co.; **Motion for Summary Judgment (Rec. Doc. 83)** filed by Hilcorp Energy Co.; **Motion for Summary Judgment (Rec. Doc. 99)** filed by HTK Consultants, Inc., Tim Heard Consulting, Inc., and Tim J. Heard.

Also before the Court are the following motions pertaining

1

to contractual indemnity: **Motion for Summary Judgment Against Hilcorp (Rec. Doc. 92)** filed by Greene's Energy Group, LLC; **Motion for Summary Judgment (Rec. Doc. 97)** filed by HTK Consultants, Inc., Heard Consultants, Inc., and Tim J. Heard; **Motion for Summary Judgment (Rec. Doc. 98)** filed by HTK Consultants, Inc., Heard Consultants, Inc., and Tim J. Heard.

All motions are opposed. The motions, set for hearing on March 17 & 31, 2010, are before the Court on the briefs without oral argument.

I.  BACKGROUND

The foregoing coverage and indemnity motions all relate to plaintiff Timothy Venable's claim for injuries that he sustained when he had a heart attack while working aboard the drilling barge Stingray at a well site on navigable waters. Venable was employed by Greene's Energy Co. and was working on a rig owned by Hilcorp Energy pursuant to a Master Services Agreement between those two parties.

On January 2, 2008, Venable began experiencing chest pains. Venable alleges that he immediately informed Tim J. Heard, who was Hilcorp's "company man" on the rig, about his pains but that ultimately he went about 2.3 hours without medical attention. Venable claims to have sustained permanent heart damage as a result of delays in obtaining medical treatment--delays that he seems to attribute in large part to Tim Heard. Venable has sued

2

Tim Heard and his company Heard Consulting, Inc., HTK Consultants, Inc., which is "the middle-man" entity that hired Heard for Hilcorp, the owner of the rig, and another defendant herein. Venable has also sued Nautilus Insurance Co., who issued a policy to Greene's Energy Co., Venable's employer.[1]

Again, Venable was employed by Greene's Energy. Greene's Energy was performing contract work at the well site pursuant to a Master Service Contract with Hilcorp Energy ("Hilcorp-Greene's MSC"). (Rec. Doc. 91, Exh. 2). As part of the Hilcorp-Greene's MSC, Greene agreed to defend and indemnify Hilcorp and its contractors and subcontractors for any claims for bodily injury arising in favor of Greene's employees. (Id. at 6).

Hilcorp separately contracted with HTK Consultants pursuant to a Master Service Contract between those two parties ("Hilcorp-HTK MSC"). (Rec. Doc. 91, Exh. 3). As part of the Hilcorp-HTK MSC, Hilcorp agreed to defend and indemnify HTK for any claims for bodily injury arising in favor of any of Hilcorp's other contractors and subcontractors. (Id. at 6).

---

[1] Venable's complaint alleges subject matter jurisdiction based on the Outer Continental Shelf Lands Act and federal question. The complaint does not state a claim under federal law and the parties' submissions are consistent in asserting that the rig was located in state territorial waters, not on the Outer Continental Shelf. Thus, neither of the jurisdictional bases alleged in the complaint are valid. The parties are not of diverse citizenship. Thus, the sole jurisdictional basis upon which this case can proceed in federal court is the Court's admiralty and maritime jurisdiction, *which for now the Court will assume exists*.

HTK then contracted with Heard Consulting, Inc. for the services of Tim Heard via an Independent Contractor Agreement ("HTK-Heard Agreement"). (Rec. Doc. 91, Exh. 4). As part of the HTK-Heard Agreement, HTK agreed to defend and indemnify Heard for any claims or liabilities arising out of the performance of the HTK-Heard Agreement. (Id. at 4).

Nautilus Insurance Co. is Greene's liability insurer. Nautilus issued a general liability policy to Greene's. In addition to being named as an original defendant by Venable, Nautilus is also named as a cross claim defendant by Hilcorp., the HTK Defendants,[2] and by Greene's.

HEC and the HTK Defendants are looking to Greene's for defense and indemnity for Venable's claims against them and Greene's is looking to Nautilus for coverage on those claims. Additionally, HTK and HEC have filed cross claims directly against Nautilus seeking coverage for Venable's claims.

## II. DISCUSSION

### A. *Coverage Motions*

At issue in the coverage motions is whether Nautilus is required to provide defense and indemnity to the HTK Defendants, either directly as additional insureds under the policy[3] or

---

[2] The term "HTK Defendants" refers collectively to HTK Consultants, Inc., Heard Consulting, Inc., and Tim J. Heard.

[3] . . . and hence pursuant to the counterclaim that the HTK Defendants filed directly against Nautilus (Rec. Doc. 52).

4

indirectly via demands by Greene's and Hilcorp.[4] The HTK Defendants seek to be declared "additional insureds" under the Nautilus policy for the claims asserted against them by Venable. The HTK Defendants have made indemnity demands against both Greene's and Hilcorp and Hilcorp has made a demand against Greene's. All parties have made claims against Nautilus.

**For purposes of the coverage motions the Court assumes that all of the contractual indemnity obligations are enforceable**.

As Nautilus has correctly pointed out, its obligations to any of the other parties in this case are governed by its contract of insurance with Greene's, who is the sole named-insured on the policy. (Rec. Doc. 93-1 at 8 n.3). Coverage analysis begins with the policy itself. The Insuring Agreement provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

(Rec. Doc. 91-4, Exh. 1 at 1). Bodily injury for which the insured is obligated to pay damages by reason of the assumption of liability in a contract is excluded. (Id. § I(2)(b)). But this "contractual liability" exclusion does *not* apply when liability for damages is "[a]ssumed in a contract or agreement

---

[4] . . . and hence pursuant to the counterclaims that Greene's (Rec. Docs. 69 and 70) and Hilcorp (Rec. Doc. 38) filed against Nautilus.

that is an 'insured contract.'"  (Id. & Endorsement No. 19).  An

INSURED CONTRACT means

> That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

(Rec. Doc. 91-4, Exh. 1, at 11, § V(9)(f)).

Additionally, via endorsement numerous supplemental exclusions were added to limit overall coverage.  Thus, the EXCLUSIONS section of the policy is amended and broadened to include:

> Employees–-Any liability of whatsoever nature of the Insured to any other party arising out of "bodily injury" . . . to . . . any Employee of the Insured, including . . . any such liability for (1) indemnity or contribution whether in tort, contract or otherwise and (ii) any liability of such other parties assumed under contract or agreement. However, it is agreed that this [exclusion] ***does not apply to such liability assumed by the Named Insured under any <u>written</u> contract or agreement.***

(Endorsement No. 3) (emphasis added in bold and italics; underline emphasis in the original).

Finally, the policy has a blanket ADDITIONAL INSURED endorsement such that

> [W]here required by written contract, an person, firm or organization is included as Additional Insured but only in respect of liability for Bodily Injury . . . arising out of operation performed by or on behalf of the named Insured under written contract with such additional insured and then, subject to the terms, conditions, exclusions and Limits of Liability of this policy, only to the extent required under said written contract.

>      . . . [U]nder no circumstances shall the additional
>      insured be afforded any coverage provided by this policy
>      other than its tort liabilities to third parties.

(Endorsement No. 14).

Nautilus has recognized that the Hilcorp-Greene's MSC is an "insured contract" insofar as Hilcorp is seeking indemnity for Venable's bodily injury claims (tort) against Hilcorp. Nautilus also recognizes that Hilcorp qualifies as an additional insured under the Greene's policy. Thus, Nautilus is providing Hilcorp defense and indemnity vis à vis Venable's claims against Hilcorp as a direct defendant.

But Nautilus takes the position that the Hilcorp-Greene's MSC is not an "insured contract" *with respect to the HTK Defendants' claims* because the HTK Defendants' claims arise in contract, not in tort. Nautilus points out that the policy excludes coverage for Greene's contractually-assumed liability except when that liability is assumed in an insured contract.

Nautilus also contends that the HTK Defendants are not additional insureds under the policy because their rights against Greene's stem from their agreement with Hilcorp--the Hilcorp-HTK MSC--an agreement to which Greene's was not a party. Nautilus also contends that the Hilcorp-HTK MSC is not an insured contract.

The Court agrees that the HTK Defendants are not additional insureds. The sole mechanism pursuant to which a third party

becomes an additional "insured" under Nautilus' policy is via operation of Endorsement No. 14.  Endorsement No. 14, while not a paragon of clarity, does require that a party have contracted directly with the Named Insured in order to attain additional insured status.  The Named Insured is the party whose name appears on the policy's declarations page[5] and that party is Greene's.  The HTK Defendants did not enter into a written contract with Greene's so they cannot be additional insureds.  Accordingly, Nautilus' motion (Rec. Doc. 93) on this issue is GRANTED and the HTK Defendants' motion  (Rec. Doc. 99) is DENIED.[6]

But the question of whether Nautilus ultimately must defend and indemnify the HTK Defendants for Venable's bodily injury claims does not end with rejection of additional insured status.  In the Hilcorp-Greene's MSC, Greene's *contractually* assumed liability claims for bodily injury to its employees--like Venable.  And it assumed liability not only for Hilcorp's tort liability to Venable but also for the tort liability of Hilcorp's

---

[5] Nothing in either Endorsement No. 14 or the body of the policy suggests that Hilcorp attained Named Insured status when it became an additional insured.  Thus, Greene's is the sole named insured for purposes of the issues currently before the Court.

[6] The Court disposes of these motions on the narrow issue of additional insured status which was the sole focus of the memoranda.  The motions do not address whether the HTK Defendants have a direct right action against Nautilus given that they are nonetheless entitled to defense and indemnity.

8

contractors and subcontractors--like the HTK Defendants--to Venable.  As such, Greene's contractual assumption of liability vis à vis Hilcorp's contractors and subcontractors falls squarely within the definition of an insured contract.  Thus, Nautilus must defend and indemnify the HTK Defendants for Venable's tort claims against them--not because they qualify as additional insureds in their own right but because Nautilus' own insured contractually assumed their tort liability to Venable in such a way, i.e., via an insured contract, that the policy does not exclude coverage to Greene's for the indemnity obligations that it now faces.

Contrary to Nautilus' characterization of Greene's assumption of liability in the Hilcorp-Greene's MSC, Greene's did not assume Hilcorp's contractual indemnity obligations to the HTK Defendants.  To be sure, those obligations exist in the Hilcorp-HTK MSC.  But Hilcorp's independent contractual obligation to the HTK Defendants has nothing to do with the wholly separate tort liability that arose in favor of Venable and against the HTK Defendants *in the absence of any contract or agreement*.  It is this latter tort liability flowing between Greene's' employee and the HTK Defendants that Greene's expressly assumed in the Hilcorp-Greene's MSC.  That Hilcorp's motivation in requiring Greene's to assume this tort liability might have been its own contractual obligations to the HTK Defendants is irrelevant under

9

the policy. Simply, Greene's did not become responsible for the defense and indemnity of the HTK Defendants via an assumption of Hilcorp's contractual obligations to those defendants. Rather, it did so via its own assumption of their tort liability to Venable in an insured contract.

In fact, Greene's promise to indemnify Hilcorp for its liability to Venable is no different than Greene's promise to indemnify the HTK Defendants for their liability to Venable because the *pertinent* policy provisions recognize no such distinction. Both Hilcorp and the HTK Defendants are being sued by Venable in tort for bodily injury and Greene's expressly assumed any tort liability that either of these defendants might have to Venable. Although Hilcorp did contract directly with Greene's whereas the HTK Defendants did not, this only affects additional insured status. When Greene's contractually assumes liability for another party like the HTK Defendants it is not excluded so long as it is done in an insured contract. Nothing in the definition of insured contract or elsewhere in the policy limits Nautilus' obligation to Greene's to those situations in which the other indemnified party is an additional insured. Nothing in the policy allows Nautilus to refuse to cover Greene's contractual assumption of liability simply because the other party was not a signatory to the contract.

Of course Hilcorp is an additional insured under the policy

so at the very least it can assert a claim directly against Nautilus for the indemnity demands of the HTK Defendants. And while the HTK Defendants' indemnity demands against Hilcorp might very well be based on an uninsured contract, in the end Nautilus still owes the HTK Defendants defense and indemnity because of its obligations to Greene's. But because Nautilus has refused to recognize its obligations to Greene's naturally the HTK Defendants are pursuing Hilcorp (and Greene's)--which is in turn pursuing Greene's.

In that vein, the Court finds Nautilus' reliance on the contractual aspects of the HTK-Hilcorp crossclaim (Rec. Doc. 35), Hilcorp-Greene's third-party demand (Rec. Doc. 38), and HTK-Greene's crossclaim (Rec. Doc. 52) in order to avoid its indemnity obligations vis à vis Venable's tort claims against these defendants to be unpersuasive. The various defendants had no choice but to seek indemnity from the parties with whom they were in direct contractual privity. And to the extent that defense and indemnity were not being provided, those defendants naturally would make claims against their contracting parties for breach of contract. But what Nautilus refuses to recognize is that none of the defendants filed crossclaims because they hoped to recover damages on a breached indemnity contract. What the defendants wanted is the defense and indemnity that they were contractually owed--defense and indemnity that would have been

11

provided had Nautilus not erroneously denied coverage by interpreting the definition of "insured contract" in a manner more onerous to its insured than what the policy allows. The crux of each defendant's crossclaim is defense and indemnity for Venable's tort claims against each of them--defense and indemnity that Nautilus owes to each of them via Greene's assumption of their liability in an insured contract.

Based on the foregoing, Nautilus' motions on this issue (Rec. Docs. 94, 95 & 96) are DENIED and Greene's' and Hilcorp's motions (Rec. Docs. 83 & 91) are GRANTED.

### B. *Indemnity Motions*

At issue in the coverage motions is whether any of the cross defendants' indemnity obligations against each other are actually enforceable. This determination turns on whether the contracts are governed by maritime law or by state law. If state law applies then some or all of Nautilus' insurance obligations to Greene's indemnitees might be void and unenforceable. The Court agrees with Nautilus' observation that the choice-of-law determination is an extremely fact-specific inquiry that is not ripe for determination. Those motions (Rec. Docs. 92, 97, & 98) are therefore DENIED without prejudice.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 91)** filed by Greene's Energy Group, LLC is **GRANTED**; **Motion**

**for Summary Judgment As To Crossclaim of the HTK Defendants (Rec. Doc. 93)** filed by Nautilus Insurance Co. is **GRANTED**; **Motion for Summary Judgment As To Crossclaim of Hilcorp Energy Co. (Rec. Doc. 94)** filed by Nautilus Insurance Co. is DENIED; **Motion for Summary Judgment As To Crossclaim of Greene's Energy Group, LLC Arising Out of the HTK Defendants' Cross Claim (Rec. Doc. 95)** filed by Nautilus Insurance Co. is **DENIED; Motion for Summary Judgment As To Crossclaim of Greene's Energy Group, LLC Arising Out Hilcorp's Third Party Demand (Rec. Doc. 96)** filed by Nautilus Insurance Co. is **DENIED; Motion for Summary Judgment (Rec. Doc. 83)** filed by Hilcorp Energy Co. is **GRANTED; Motion for Summary Judgment (Rec. Doc. 99)** filed by HTK Consultants, Inc., Tim Heard Consulting, Inc., and Tim J. Heard is **DENIED;**

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment Against Hilcorp (Rec. Doc. 92)** filed by Greene's Energy Group, LLC, **Motion for Summary Judgment (Rec. Doc. 97)** filed by HTK Consultants, Inc., Heard Consultants, Inc., and Tim J. Heard, and the **Motion for Summary Judgment (Rec. Doc. 98)** filed by HTK Consultants, Inc., Heard Consultants, Inc., and Tim J. Heard are **DENIED** without prejudice.

April 29, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE